**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Andrew Toro, on behalf of herself and all others similarly situated, | |
| Plaintiff, | DOCKET NO. 22-cv-8489 (JPO) (SDA) |
| - vs. – | **ANSWER** |
| Georgia Gifts and More, LLC, | |
| Defendant. | |

Defendant Georgia Gifts and More, LLC, by and through its undersigned attorneys, answers the complaint of plaintiff Andrew Toro as follows:

## INTRODUCTION

1.  Defendant admits that plaintiff purports to assert those claims but denies that the claims have merit.

2.  Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

3.  This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

4.     Defendant admits that plaintff purports to assert those claims but denies
       that the claims have merit. The remaining allegations of this paragraph are
       denied.

5.     Defendant admits that the website offers goods for sale, but denies all other
       allegations about the website. Defendant is without knowledge or
       information sufficient to form an opinion as to the truth of the remaining
       allegations of this paragraph, and therefore denies same.

6.     Denied.

7.     Denied.

8.     Denied.

9.     This paragraph contains no allegations about defendant that need be
       admitted or denied. To the extent a response is required, defendant notes
       that the laws in question speak for themselves.

10.    The allegations of this paragrah relating to the website are denied.
       Defendant is without knowledge or information sufficient to form an
       opinion as to the truth of the remaining allegations of this paragraph, and
       therefore denies same.

11.    Defenant admits that plaintiff seeks such relief, denies that there is any class
       seeking any such relief, and denies plaintiff's entitlement to any relief.

**JURISDICTION AND VENUE**

12.    Admitted.

13.    Defendant is without knowledge or information sufficient to form an
       opinion as to the truth of the allegations of this paragraph, and therefore

denies same..

14. The legal argument in this paragraph is improper under Fed. R. Civ. P. 8. The factual allegations of this paragraph are denied.

**THE PARTIES**

15. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

16. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations of this paragraph relating to the website are denied.

17. Admitted that defendant is a company organized under the laws of the state of Georgia operating at the specified address. The remaining allegations of this paragraph are denied.

18. Defendant admits that it operates the specified website, and that it sells a variety of goods. The remaining allegations of this paragraph are denied.

**NATURE OF THE CASE**

19. This paragraph contains no allegations about defendant that need be admitted or denied.

20. This paragraph contains no allegations about defendant that need be admitted or denied.

21. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is

without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

22. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

23. Admitted that the specified guidelines have been published. Denied that the guidelines are universally followed or that they are required to be. The remaining allgations of this paragraph are denied.  Denied that the government's Rehabilitation Act guidelines are relevant or applicable to defendant.

## **FACTUAL ALLEGATIONS**

24. Defendant admits that it controls and operates the specified website; the remaining allegations of this paragraph are denied.

25. Defendant admits that the specified website sells a variety of products. The remaining allegations of this paragraph are denied.

26. Defendant admits that the website allows customers to purchase goods and provides information about defendant's business. The remaining allegations of this paragraph are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    The allegations of this paragraph relating to the website are denied. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations of this paragraph, and therefore denies same.

37.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

**CLASS ACTION ALLEGATIONS**

43.    Admitted that plaintiff seeks to certify such a class. Denied that plaintiff is entitled to do so.

44.    Admitted that plaintiff seeks to certify such a subclass. Denied that plaintiff is entitled to do so.

45.    This paragraph contains no allegations about defendant that need be

admitted or denied. To the extent a response is required, defendant denies the allegations of this paragraph.

46.   Denied.

47.   Admitted that the first two of the cited questions are common; denied that the last two are.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   This paragraph contains no allegations that need be admitted or denied.

## FIRST CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 12181 *et seq*. – TITLE III OF THE ADA)

53.   Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-52 as if fully set forth herein.

54.   Admitted that plaintiff has accurately, though only partially, quoted a statute.

55.   This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

56.   This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

57.   Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

58.     Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

59.     Admitted that plaintiff has accurately, though only partially, quoted a statute.

60.     Admitted that plaintiff has accurately, though only partially, quoted a statute.

61.     Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

67.     Denied.

68.     Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NYSHRL, NY EXECUTIVE LAW § 292 et seq.)

69.     Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-68 as if fully set forth herein.

70.     Admitted that plaintiff has accurately, though only partially, quoted a statute.

71. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

72. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

73. Denied.

74. Admitted that plaintiff has accurately, though only partially, quoted a statute.

75. Admitted that plaintiff has accurately, though only partially, quoted a statute.

76. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

77. Denied.

78. Denied.

79. Denied.

80. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

81. Denied.

82. Denied.

83. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

## <u>THIRD CAUSE OF ACTION</u>
### (VIOLATIONS OF THE NYS CIVIL RIGHTS LAW, NY CLS Civ R § 40 et seq.)

84.   Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-83 as if fully set forth herein.

85.   Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

86.   Admitted that plaintiff has accurately, though only partially, quoted a statute.

87.   Admitted that plaintiff has accurately, though only partially, quoted a statute.

88.   This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

89.   This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

90.   Denied.

91.   Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

92.   Admitted that plaintiff has accurately, though only partially, quoted a statute.

93.   Admitted that plaintiff has accurately, though only partially, quoted a

statute.

94. Denied.

95. Denied.

96. Denied.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NYCHRL, NYC ADMINISTRATIVE CODE § 8-102 et seq.)**

97. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-96 as if fully set forth herein.

98. Admitted that plaintiff has accurately, though only partially, quoted a statute.

99. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

100. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Defendant admits that plaintiff seeks the specified relief, but denies

plaintiff's entitlement to it.

**FIFTH CAUSE OF ACTION**
**(DECLARATORY RELIEF)**

109.  Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-108 as if fully set forth herein.

110.  Admitted.

111.  Denied.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff lacks standing to bring these claims.

2.   Plaintiff's allegations fail to state a claim upon which relief may be granted.

3.   Plaintiff's claims are barred by the doctrine of unclean hands.

4.   The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

5.   The relief requested by plaintiff would not be readily achievable, either for financial reasons or because they were technically infeasible.

6.   The relief sought by plaintiff is not required by law and would impose an undue burden on defendant.

7.   Plaintff is not entitled to the relief sought because fixing the barriers alleged in the Complaint, would, if granted, result in a fundamental alteration of Defendant's services.

8.   Plaintiff was not a bona fide customer of defendant's.

9.   Plaintiff had effective access to the website; any alleged barriers

encountered on the site were de minimis.

10.  Plaintiff's claims are barred because defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for nor sought any assistance.

11.  Plaintiff's claims are barred because defendant provided, and/or was willing to provide, equivalent facilitation with respect to any barriers alleged in the complaint.

12.  Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought any such modifications.

13.  Plaintiff's claims are barred because any action taken with respect to Plaintiff was for legitimate, non- discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

14.  Plaintiff is barred from recovery by reason of the fact that plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

15.  Part or all of plaintiff's damages — if any — are the result of plaintiff's failure to mitigate damages.

16.  Plaintiff's claims are barred, in whole or in part, because defendant acted reasonably and in good faith at all times relevant to this lawsuit.

17.  Plaintiff's claims are moot because defendant's website complies with any and all applicable standards.

18. Plaintiff is not entitled to statutory or punitive damages or fines under the applicable laws.

19. Plaintiff is unable to satisfy the criteria for maintaining a class action. The potential class and subclasses are not numerous or ascertainable. The questions of law or fact are not common to the potential class or subclasses. The claims of the plaintiff are not typical of the claims of the potential class or subclasses. The interests of the potential class and subclasses will not be fairly and adequately represented. Individual issues predominate over common issues.

20. Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites.

21. Plaintiff's claims are barred under the doctrine of primary jurisdiction because the Department of Justice has yet to promulgate any standards and/or regulations applying to website accessibility.

22. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

Wherefore, defendant respectfully demands judgment against plaintiff dismissing all counts of the Complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.

Dated: December 29, 2022

David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant